PER CURIAM.
Based on a 1986 compensable accident, appellant made a claim for further medical treatment as the nature of his injury and the process of recovery requires, including authorization of a specific physician to perform a spinal fusion. After considering the evidence, the judge of compensation claims (JCC) allowed payment of certain outstanding medical bills but denied the claim for further medical treatment, including the spinal fusion. The JCC found that claimant’s immediate problems were the result of a subsequent intervening accident in 1994. The evidence shows that as of 1994, claimant continued to receive authorized medical care provided by the appellees. The JCC’s findings concerning the subsequent intervening accident are supported by competent substantial evidence and affirmed. The employer and carrier acknowledge that if appellant’s condition ever returns to his pre-1994 status, they would still be obligated to provide continuing conservative care. Accordingly, even though the order on its face purported to deny further medical treatment as the nature of the injury and the process of recovery requires, the order should be read in light of the employer/carrier’s concession, both in their brief and at oral argument, concerning their obligation to provide future care.
As explained here, the order is AFFIRMED.
BARFIELD, C.J., and KAHN and DAVIS, JJ., concur.